## Case No. 17,881.

### WINSLOW v. FOUR HUNDRED BARRELS OF SALT.

[1 Biss. 459.] [1]

Circuit Court, N. D. Illinois. Aug., 1864.

LIEN FOR DEMURRAGE—WAIVER.

1. If a master delivers a cargo, and receives the freight, without an agreement on the part of the person receiving it that it is to be held subject to a lien for demurrage, the lien is waived, and a libel for demurrage cannot be sustained against the cargo.

2. The fact that the master stated that he should look to the cargo for the claim for demurrage, is not sufficient to sustain the lien.

Appeal from decree of district court of the United States for the Northern district of Illinois, dismissing the libel, which was filed to recover demurrage for delay in loading and unloading a cargo of salt. [Case unreported.]

Robert Rae, for libellant.
Waite & Towne, for respondent.

DAVIS, Circuit Justice. The bark Major Anderson, owned by the libellant, was employed to bring a load of salt from the port of Bay City, Michigan, to the port of Chicago. The vessel was unnecessarily detained at Bay City for three days, for which demurrage is claimed. Demurrage is also claimed because the vessel was not unloaded with dispatch at Chicago.

The question for determination is whether, if demurrage was due, the lien for it on the four hundred barrels of salt has not been waived. I think it has. The cargo of the vessel was salt, and consigned to H. Gelpcke,

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

at Chicago. The master, on his arrival here, reported to Gelpecke, the consignee, who referred him to Haskin, who had bought from Gelpcke a large quantity of salt, to be delivered. Haskin, accordingly, received the cargo in place of Gelpcke, which was discharged after an unusual delay. Ingraham, the captain, and Egan, the agent of the Anderson, told Haskin that they would look to the salt for their claim for demurrage; but Haskin never agreed that he would receive the salt subject to this claim. The salt was delivered and freight paid, and, if there was a just claim for demurrage, why was not some understanding had between Haskin and the agent of the vessel, that the lien on the salt would be retained for the demurrage? If Egan, on delivery had insisted on this, and Haskin had assented to it, then the lien would exist. A mere intention, on the part of the agent of this vessel, that he would retain the lien, and saying so, does not constitute the lien. Egan could have refused to deliver the salt, if the vessel's claim for demurrage was right; but instead of that, he does deliver, on payment of freight only, and doubtless misled Haskin by leading him to believe that the vessel would look to Gelpcke, and, in fact, negotiation is afterwards had by Egan with Gelpcke, which, proving abortive, the salt was attached, and this libel filed. The delivery of the salt was unconditional. Haskin treated it as his own, without incumbrance and with no understanding that the lien should continue, and in fact sold part of this very lot now in controversy.

In the opinion of the court, the lien on the salt was waived when it was delivered to Haskin, who received it without consenting to hold it subject to the lien for demurrage. Judgment below is affirmed.

NOTE. Contra, see One Hundred and Fifty-One Tons of Coal [Case No. 10,520]. For an extended discussion of the doctrine of maritime liens, and numerous references to authorities, see 5 Am. Law Reg. (O. S.) 129; Ang. Carr. § 370 et seq.